UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IRENE GONZAGA,

        Plaintiff,

v.                                                                       Case Number 05-10177-BC
                                                                        Honorable David M. Lawson

UNUM LIFE INSURANCE CO.,

        Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO REVERSE ADMINISTRATOR'S DECISION, REMANDING CASE TO ADMINISTRATOR, AND ADMINISTRATIVELY CLOSING CASE

The plaintiff in this case filed an action on July 15, 2005 alleging that the defendant's decision to deny her long-term disability benefits under an employee benefit plan was arbitrary and capricious in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. On October 21, 2005, the Court entered a Scheduling Order requiring the parties to file cross motions to reverse or affirm the administrator's decision by December 29, 2005, based on the holding in *Wilkins v. Baptist Health Srvcs.*, 150 F.3d 609, 616-17 (6th Cir. 1998), that summary judgment procedures are inapposite to ERISA cases. However, the defendant failed to file a motion at all, and the plaintiff filed a motion for summary judgment.

At the hearing on the plaintiff's motion, held on April 12, 2006, the Court noted the parties' failure to comply with the provisions of the Scheduling Order. At that time, the plaintiff orally moved to amend the motion, requesting that it be treated as a motion to reverse the administrator's decision. The defendant had no objections. The defendant then orally moved to amend its response brief, requesting that it be treated as a motion to affirm the administrator's decision. The plaintiff had no objection. Both motions were granted, and the Court then heard arguments.

The Court observed that a decision was never made by the plan administrator on whether the plaintiff's second surgery qualified as a recurrent disability under the plan. The Sixth Circuit has suggested that remand is appropriate when a plan administrator fails to make a determination regarding benefits under the plan. *Donnelly v. Guarantee Mut. Life Co.*, 181 F.3d 100 (table), 1999 WL 313896, *2 (6th Cir. 1999) (unpublished). The Court held that remand is appropriate in this case, and further explained its ruling on the record.

Accordingly, it is **ORDERED** that the plaintiff's oral motion to amend her motion for summary judgment to a motion to affirm the administrator's decision is **GRANTED**.

It is further **ORDERED** that the defendant's oral motion to amend its response brief to a motion to affirm the administrator's decision is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion to reverse the administrator's decision [dkt # 6] is **GRANTED IN PART**. The decision of the plan administrator denying long-term disability benefits is **VACATED**.

It is further **ORDERED** that the defendant's motion to affirm the administrator's decision [dkt # 8] is **DENIED**.

It is further **ORDERED** that this case is **REMANDED** to the Plan administrator for a determination as to whether the plaintiff qualifies for benefits under the recurrent disability provision of the employee benefit plan.

It is further **ORDERED** that the Plan administrator shall evaluate the plaintiff's recurrent disability claim and issue a decision on or before **July 27, 2006**. If the plan administrator fails to do so, the plaintiff may apply for a judgment awarding disability benefits to the plaintiff for the period between August 25, 2003 and October 22, 2003.

It is further **ORDERED** that the plaintiff may submit additional information to the defendant for consideration in its decision on or before **May 31, 2006**.

It is further **ORDERED** that deadlines in the Scheduling Order dated October 21, 2005 are suspended.

It is further **ORDERED** that the Court shall retain jurisdiction to review and enforce or vacate, as appropriate, any benefits award; however the matter shall be **ADMINISTRATIVELY CLOSED** for statistical purposes until such time as a party shall apply to this Court for further relief.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 17, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS